UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DORIAN RAYSOR,

                    Plaintiff,

        -v-                            3:24-CV-1520 (DNH/ML)

CHRISTOPHER BRACCO *et al.*,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

DORIAN RAYSOR
Plaintiff, Pro Se
25-B-2416
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

KURT SCHRADER
Defendant, Pro Se[1]
612 Sunset Drive
Endwell, NY 13760

WLADIS LAW FIRM, P.C.            TIMOTHY J. LAMBRECHT, ESQ.
Attorneys for City Defendants
P.O. Box 245
Syracuse, NY 13214

DAVID N. HURD
United States District Judge

---

[1] Defendant Schrader has moved to dismiss *pro se*. Dkt. No. 46. The Clerk of the Court will be directed to update the caption to reflect his mailing address.

## DECISION & ORDER

I.    **INTRODUCTION**

On October 16, 2024, *pro se* plaintiff Dorian Raysor ("plaintiff") filed this 42 U.S.C. § 1983 action alleging that defendants Binghamton Police Investigator Christopher Bracco, Correction Officer Sarah Fendick, and Attorney Kurt Schrader violated his constitutional rights in connection with an arrest and subsequent criminal proceedings against him in state court. Dkt. No. 1. Thereafter, plaintiff filed an amended complaint as of right.  Dkt. No. 9 ("Am. Compl.").  After a series of delays, Dkt. Nos. 22, 25, 27, 30, the assigned magistrate judge instructed plaintiff to request the assistance of the U.S. Marshal Service with completing service upon defendants, Dkt. No. 31.

On September 18, 2025, defendant Bracco appeared through counsel and moved to dismiss the amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. No. 42.  Defendant Schrader, an attorney proceeding *pro se*, separately moved to dismiss.  Dkt. No. 46.  Plaintiff opposed both motions.  Dkt. No. 48.[2]  Thereafter, plaintiff also filed a motion

---

[2]  A notice of appearance was filed by Joshua T. Terrell on behalf of defendant Fendick.  *See* Dkt. No. 15.  However, the summons issued as to defendant Fendick was returned unexecuted, *see* Dkt. No. 37, and she has not appeared for purposes of the pending motions or otherwise moved to dismiss the amended complaint.  Accordingly, the Court will not discuss plaintiff's claims against defendant Fendick at this time.

for leave to further amend, attaching a proposed amended complaint. Dkt. No. 52-2 ("Proposed Second Am. Compl.").

The three motions have been fully submitted and will be considered on the basis of the submissions without oral argument.

## II.   **BACKGROUND**

The following facts are taken from the operative amended complaint and, where relevant, plaintiff's proposed second amended complaint, and are assumed true for the purpose of resolving the pending motions.

Plaintiff is an individual who, at all relevant times, was subject to investigation and criminal proceedings initiated by defendant Bracco. Am. Compl. at 1–3. [3] Defendant Bracco is a law enforcement officer employed by the Binghamton Police Department who was involved in the investigation and arrest of plaintiff. Proposed Second Am. Compl. at 2. Defendant Schrader is an attorney who, through the Broome County Court Appointed Counsel Program, represented plaintiff in connection with the underlying criminal proceedings. *Id.*

Plaintiff was arrested on May 6, 2024, following an investigation conducted by Bracco. Am. Compl. at 1–3; Proposed Second Am. Compl. at 3–6. Plaintiff alleges that Bracco lacked a lawful basis to initiate the arrest and that the charges brought against him were not supported by probable cause. *See*

---

[3]   Pagination corresponds with CM/ECF headers.

*generally id.* Specifically, plaintiff alleges that Bracco, while conducting a search "for the FBI," effected the arrest after observing plaintiff reaching for a phone beneath his shirt. Proposed Second Am. Compl. at 3–6.

Plaintiff further alleges that defendants engaged in misconduct in connection with his detention at the Broome County Correctional Facility. *See generally* Proposed Second Am. Compl. Following his arrest, plaintiff was detained and had interactions with correctional staff. *Id.* at 6–8. At that time, plaintiff alleges that defendant Fendick placed plaintiff in solitary confinement pursuant to a "false report" and that prison staff restricted his access to the prison's law library. *Id.* at 8.

Plaintiff was represented by defendant Schrader during the course of the criminal proceedings following his arrest. Am. Compl. at 4–6; Proposed Second Am. Compl. at 2. Plaintiff alleges that Schrader acted improperly in connection with that representation and participated in the alleged violations of his rights. *See id.*

## III. <u>LEGAL STANDARD</u>

The Federal Rules of Civil Procedure permit a party to move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up). While "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S at 678, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To assess this facial plausibility requirement, the court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and draw all reasonable inferences in favor of the plaintiff, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). In doing so, the court generally confines itself to the facts alleged in the pleading, documents attached to the complaint or incorporated into it by reference, and matters of which judicial notice may be taken. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).

## IV.    DISCUSSION

As an initial matter, plaintiff is *pro se*.  As the Second Circuit has explained, *pro se* filings must be "construed liberally" with "special solicitude" and interpreted to raise the strongest claims they suggest.  *Hogan v. Fischer*, 738 F.3d 509, 519 (2d Cir. 2013).  "This is particularly so when the *pro se* plaintiff alleges that [his] civil rights have been violated."  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

This liberal construction is grounded in the recognition that *pro se* litigants, by virtue of their lack of legal training, are more likely to forfeit important rights inadvertently.  Accordingly, courts must "make reasonable allowances" to protect such litigants from the consequences of procedural missteps.  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

That said, the Court's solicitude toward *pro se* litigants is not without limits.  The Second Circuit has made clear that "the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law."  *Leon v. Rockland Psychiatric Ctr.*, 232 F. Supp. 3d 420, 428 (S.D.N.Y. 2017) (quoting *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013)).

Liberally construed, plaintiff's operative and proposed second amended complaints assert several claims under 42 U.S.C. § 1983 arising from his arrest, prosecution, and related state-court proceedings.  Plaintiff appears to

assert the following claims: (1) a Fourth Amendment claim for unlawful arrest against defendant Bracco; (2) a Fourth Amendment claim for excessive force based on the circumstances of plaintiff's arrest against defendant Bracco; (3) First Amendment claims alleging the denial of his rights to freedom of speech, petition, and redress of grievances against defendant Fendick; (4) Sixth Amendment claims alleging the denial of effective assistance of counsel and the right to a fair trial against defendant Schrader; (5) Eighth and/or Fourteenth Amendment claims concerning plaintiff's treatment while in custody, which the Court construes as asserted against defendant Fendick; and (6) a claim for malicious prosecution under § 1983. *See generally* Proposed Second Am. Compl. To the extent plaintiff separately alleges "due process" violations or "malicious conduct," those allegations are properly analyzed as part of the foregoing claims rather than as independent causes of action. *Id.*

Defendants Bracco and Schrader have moved to dismiss the operative amended complaint. *See* Defs.' Mems., Dkt. Nos. 42, 46. First, Bracco has moved to dismiss the amended complaint insofar as it asserts claims against him. *See* Def. Bracco's Mem., Dkt. No. 42 at 4–10. In particular, Bracco argues: (1) the amended complaint fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8 because it is "rambling," "incoherent," and does not provide fair notice of any cognizable claims; (2) the allegations fail to state a plausible claim for relief under Rule 12(b)(6); (3) to the extent plaintiff seeks

- 7 -

damages arising from his arrest and conviction, such claims are barred by the *Heck v. Humphrey* doctrine; and (4) plaintiff should not be granted leave to amend in light of his repeated failure to comply with procedural rules and prior opportunities to replead. *Id.* Second, Schrader has also moved to dismiss the amended complaint insofar as it asserts claims against him for substantially the same reasons set forth in defendant Bracco's memorandum. *See generally* Def. Schrader's Mem.

Where, as here, the Court is presented with motions to dismiss and a request for leave to amend (or to further amend), it must determine whether the operative or proposed pleading states a viable claim and, if not, whether further amendment would be warranted.

In evaluating whether leave to amend should be granted, courts in this Circuit often streamline their analysis by considering whether the proposed amended pleading would survive a motion to dismiss. *See Byrd v. Town of DeWitt*, 698 F. Supp. 3d 379, 386 (N.D.N.Y. 2023); *Morris v. N.Y. State Police*, 268 F. Supp. 3d 342, 358 (N.D.N.Y. 2017).

It is well established that leave to amend may be denied where amendment would be futile. *See Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003). An amendment is futile if the proposed pleading "could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Accordingly, the Court will evaluate whether

the proposed second amended complaint is sufficient to survive a 12(b)(6) challenge.

### A. Claims against Defendant Bracco

Plaintiff's clearest, most recognizable claim is his Fourth Amendment claim against defendant Bracco. Liberally construed, plaintiff alleges that Bracco caused his arrest without probable cause, thereby effecting an unlawful seizure. Proposed Second Am. Compl. at 3–10. Specifically, plaintiff asserts that defendant Bracco "unlawfully stopped/arrested [plaintiff] with less than probable cause." Am. Compl. at 1.

"The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). However, "[§] 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). Thus, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

With these standards in mind, the Court turns to plaintiff's Fourth Amendment false arrest claim. "A § 1983 false arrest claim is grounded in the

Fourth Amendment right of an individual to be free from unreasonable seizures." *LaFever v. Clarke*, 525 F. Supp. 3d 305, 329 (N.D.N.Y. 2021) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). "To establish a claim under § 1983 for false arrest a plaintiff must show that: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged." *LaFever*, 525 F. Supp. 3d at 329 (citation omitted).

However, an arrest is privileged if it is based on probable cause. *Weyant*, 101 F.3d at 852. Probable cause to arrest exists when police officers have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Id.*

The existence of probable cause is "a fluid concept . . . not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 231, 232 (1983). In determining the existence of probable cause, the Court "considers the totality of the circumstances, based on a full sense of the evidence that led the officer to believe that there was probable cause to make an arrest." *Guan v. City of N.Y.*, 37 F.4th 797, 804 (2d Cir. 2022) (quotation marks and citations omitted).

Even affording the amended complaint the special solicitude due to *pro se* pleadings, plaintiff fails to allege non-conclusory facts plausibly suggesting

the absence of probable cause.  He does not plead facts describing the circumstances of the arrest, the information available to Bracco at the time, or any basis from which the Court could reasonably infer that probable cause was lacking.  Instead, plaintiff offers only generalized and conclusory assertions challenging the legitimacy of the arrest, without any supporting factual detail, which is an insufficient basis on which to state a plausible claim for relief.

To the extent plaintiff also asserts a claim for excessive force under the Fourth Amendment, that claim likewise fails.  The Fourth Amendment prohibits the use of unreasonable force by a police officer in the course of an arrest, and the relevant inquiry is whether the officer's actions were "objectively reasonable" in light of the facts and circumstances.  *Graham v. Connor*, 490 U.S. 386, 397 (1989); *see also Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010).

Plaintiff does not meet this standard because he has not alleged, in any meaningful detail, any facts describing the nature or degree of force used, if any, by whom and when, or even the circumstances under which such force, if any, was applied.  Absent such factual allegations, plaintiff fails to state a plausible excessive force claim.

Plaintiff also appears to assert a claim for malicious prosecution under the Fourth Amendment.  To state such a malicious prosecution claim under § 1983, a plaintiff must allege "(1) the commencement or continuation of a criminal proceeding against her; (2) the termination of the proceeding in her favor;

(3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice." *Mitchell v. City of N.Y.*, 841 F.3d 72, 79 (2d Cir. 2016) (cleaned up).

The probable cause standard in the malicious prosecution context is slightly higher than the standard in the false arrest context. *See Stansbury v. Wertman*, 721 F.3d 84, 95 (2d Cir. 2013). "Probable cause, in the context of malicious prosecution, has [ ] been described as such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty." *Id.*

Even liberally construed, plaintiff fails to state a plausible malicious prosecution claim. Crucially, plaintiff does not allege facts suggesting that the underlying criminal proceeding terminated in his favor. This omission is fatal to his claim. In addition, for the reasons discussed above, plaintiff fails to plausibly allege the absence of probable cause under any standard. Nor does he allege any facts that might give rise to a reasonable inference of malice. Instead, plaintiff offers only conclusory assertions challenging the legitimacy of the prosecution, without any meaningful supporting factual detail, which is insufficient to state a claim under Rule 12(b)(6).

Moreover, if plaintiff seeks to challenge the validity of the criminal proceedings arising from that arrest, such claims are probably barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), at least unless and until plaintiff can show that the underlying conviction or sentence has been invalidated. Under *Heck*,

a plaintiff convicted of a crime may not bring a section 1983 suit for damages that "necessarily impl[ies] the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

Plaintiff does not plausibly allege that the underlying criminal proceeding terminated in his favor. In fact, it appears from this record that plaintiff was in fact convicted. If that is accurate, success on his § 1983 claims in this forum would necessarily imply the invalidity of his conviction or sentence, which would be barred by *Heck*.

To the extent plaintiff attempts to assert additional claims against defendant Bracco under the First, Sixth, Eighth, or Fourteenth Amendments, those claims are either wholly conclusory and devoid of factual detail or duplicative of the claims addressed above. Either way, these claims would fail for the same or substantially the same reasons—they are not plausibly alleged.

### B.  Claims against defendant Schrader

To the extent that plaintiff asserts a § 1983 claim against defendant Schrader, this claim must fail because the amended complaint does not plausibly allege that Schrader acted under color of state law.

As a general matter, private attorneys—even court-appointed attorneys—do not act under color of state law for purposes of § 1983 when performing traditional functions of counsel. *See Shorter v. Rice*, 2012 WL 1340088, at

\*4 (E.D.N.Y. Apr. 10, 2012) ("[I]t is axiomatic that neither public defenders, such as Legal Aid attorneys, nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position."); *Manko v. Steinhardt,* 2012 WL 213715, at \*4 (E.D.N.Y. Jan. 24, 2012) ("It is well-settled that private attorneys and law firms . . . do not act under color of state law and are not state actors for purposes of Section 1983 simply by virtue of their state-issued licenses to practice law").

Plaintiff's conclusory assertions that Schrader participated in wrongdoing or acted in concert with state actors are insufficient absent specific factual allegations showing joint action or an agreement to violate plaintiff's rights. *See Eggsware v. Doe*, 2022 WL 827640, at \*5 (N.D.N.Y. Feb. 7, 2022) (dismissing plaintiff's § 1983 claims where "there is nothing in the complaint to suggest that any of the potential wrongful actors are 'state actors' or that they are 'collaborating' with state actors"), *report and recommendation adopted*, 2022 WL 823646 (N.D.N.Y. Mar. 18, 2022) (Sannes, J.).

In sum, even liberally construed, plaintiff's allegations do not state any plausible claims for relief under § 1983.

### C. Leave to Amend

Notwithstanding these deficiencies, and in light of plaintiff's *pro se* status, the Court will afford plaintiff a <u>final</u> opportunity to file a third amended complaint. "A pro se complaint is to be read liberally" and "the court should

not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991).  A court need not grant leave to amend, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Mindful of plaintiff's *pro se* status—and the fact that he has not yet had the benefit of any guidance from the Court, as his prior amendments were either filed as of right or submitted while defendants' motions to dismiss were pending—dismissal with leave to file a third amended complaint as to plaintiff's claims against defendants Bracco and/or Fendick is warranted.  Accordingly, plaintiff's claims against those two defendants will be dismissed *with* leave to amend.

Unlike the claims asserted against those defendants, plaintiff's claims against defendant Schrader suffer from a fundamental defect that cannot be cured through repleading.  As discussed *supra*, plaintiff seeks to hold Schrader—his attorney in the underlying criminal proceeding—liable under 42 U.S.C. § 1983.  However, it is well established that private attorneys, including court-appointed counsel, do not act under color of state law when performing traditional functions of representation.  *See Polk County v. Dodson*, 454 U.S. 312, 324–25 (1981); *Manko v. Steinhardt*, 2012 WL 213715, at *4

(E.D.N.Y. Jan. 24, 2012). Accordingly, plaintiff's claims against defendant Schrader will be dismissed *without* leave to amend.

If plaintiff chooses to try to further amend his claims against Bracco and/or Fendick, he is advised that he must include sufficient factual detail to enable the Court to determine whether he has plausibly alleged one or more of his § 1983 claims against one or more of the named defendants under the law governing his claims. To do so, plaintiff must clearly set forth the facts that give rise to his claims, including the dates, times, and places of the alleged acts, and an explanation of how each individual committed each allegedly wrongful act. Plaintiff is cautioned that any amended pleading will replace the previous existing complaints. In other words, the third amended complaint must be a single document that does not rely upon any other materials that have previously been filed with the Court (although he can certainly attach exhibits to the new pleading).

## IV.  **CONCLUSION**

Therefore, it is

ORDERED that

1. The Clerk of the Court is directed to update the docket to reflect *pro se* defendant Schrader's mailing address in accordance with footnote 1;

2. Defendant Bracco's motion to dismiss (Dkt. No. 42) is GRANTED in part and DENIED in part;

3.  Defendant Schrader's motion to dismiss (Dkt. No. 46) is GRANTED;

4.  Plaintiff's motion for leave to amend (Dkt. No. 52) is GRANTED in part and DENIED in part;

5.  Plaintiff's proposed second amended complaint (Dkt. No. 52-2) is AC-CEPTED FOR FILING;

6.  Plaintiff's second amended complaint is conditionally DISMISSED with partial leave to amend as to Bracco and/or Fendick as set forth above;

7.  Plaintiff shall have THIRTY DAYS in which to file a third amended complaint that conforms with the instructions set forth above;

8.  If plaintiff timely files a third amended complaint, the Clerk is directed to reset the deadline in which to answer or move against the pleading; and

9.  If plaintiff does not timely file a third amended complaint, the Clerk is directed to enter a judgment dismissing this action without further Order of the Court.

The Clerk of the Court is directed to terminate the pending motions and defendant Schrader and set deadlines accordingly.

IT IS SO ORDERED.

Dated:  April 22, 2026
       Utica, New York.

David N. Hurd
U.S. District Judge

- 17 -